By the Court.—Monell, Ch. J.
The defendant’s covenant was to pay such taxes as might be imposed upon the leasehold premises during the term, when the same became due and pay able.
The right to recover more than nominal damages upon such a covenant without actual payment by the lessor, was not definitely settled in this State, until the recent decision of the Commission of Appeals in Trinity Church v. Higgins (48 N. Y. R. 532), when the court construed the covenant into a promise, and the tax a debt due from the covenantor to the covenantee. Under that decision this action can be maintained, if the facts alleged in the complaint are sufficient.
The law has been stretched a little, I think, to make it cover a present liability for an unpaid tax; and I am unwilling to apply it to any case that does nob clearly fall within the principles decided ; and it must, therefore, appear that the tax has been imposed, and has become due and payable.
The covenant to pay taxes, like the covenant to pay rent, is broken only upon failure to perform according to the terms of the covenant. An action for rent can not be maintained without alleging and proving that the rent is due, and it must be alleged to be due according to the terms and conditions of the lease. And so with a covenant to pay taxes, even if the covenant is silent as to the time of payment, it is at least doubtful, if in an action by the lessor to enforce payment, it would not be necessary to aver that the tax had been, not only imposed, but was in fact due and payable.
But here the covenant is to pay taxes only when they are due and payable; and there can not be a breach until the tax becomes due and payable.
The mere imposition of the tax does not raise the liability to the landlord, so that he may maintain the action. The tenant has guarded against that, by expressly limiting his obligation to a default in payment *532 after the imposed, tax becomes due, and therefore, in enforcing the covenant, a default of the lessee at the time the obligation matured, must be averred.
It is very clear, I think, that an action will not lie upon the covenant in this case until after the tax had become due, and if so, then, as a matter of pleading, it was necessary to aver such fact, and if necessary to prove it on the trial.
It may be claimed, however, that it will be presumed from the mere imposition of a tax, that it was immediately due upon the imposition being made.
That may be so in respect to its lien upon the premises, but no presumption can be raised in respect to a personal obligation to pay, which is limited to the time when the tax in fact becomes due.
Taxes in this city are not due and payable upon, or immediately upon, the tax being imposed. The imposition of the tax is by one set of officials, and the collection of it by another set; and there must be some interim between the final action of the former, and the time when the latter begins to act.
But the law has settled the time when a tax is due and payable, and it is after the tax has been imposed.
The act of 1850 (Davies’ Laws, 1282), provides, that upon the assessment roll being completed by the board of supervisors (now board of estimate, &c.), it shall be transmitted to the receiver of taxes, who immediately thereafter shall give public notice that the taxes are then ‘ ‘ due and payable.’
The complaint does not allege, according to the terms of the covenant, that before suit brought, the taxes, the amount of which the plaintiff claims to recover, had become and were due and payable; and without such averment, the complaint did not, as I think, state facts sufficient to constitute a cause of action upon the defendant’s covenant.
The judgment should be reversed, with costs, and *533 the defendant should have judgment final, sustaining the demurrer with costs, but with leave to the plaintiff to amend on payment of the costs of a demurrer and .subsequent proceedings.
Sedgwick, J., concurred.